UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD G. CRAWLEY, <u>PRO</u> <u>SE</u>** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **HENRY J. SCHIRESON,** | : | |
| Defendant | : | No. 05-991 |

Gene E.K. Pratter, J.         Memorandum and Order         July 14, 2006

Defendant Henry J. Schireson moves for dismissal of the complaint in this Section 1983 civil rights case. For the reasons stated below, the motion will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Pro se* plaintiff Ronald R. Crawley filed this civil rights action against Henry J. Schireson who is a Magisterial District Judge in Montgomery County, Pennsylvania.

This case arises from an order issued by Judge Schireson on March 3, 2003, which resulted in Mr. Crawley's eviction from real property that he formerly owned in Bala Cynwyd, Pennsylvania. According to Mr. Crawley, Judge Schireson's exercise of jurisdiction over him violated his right to due process and other constitutional and federal statutory rights, entitling Mr. Crawley to judgment and money damages pursuant to 42 U.S.C. § 1983.

Judge Schireson filed the present motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In his motion, Judge Schireson asserts that this Court does not have jurisdiction to hear the case and that Mr. Crawley's allegations present no set of facts for which this Court can grant relief.

**DISCUSSION**

    A.    **Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may challenge the court's jurisdiction on either "factual" or "facial" grounds. Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002). In considering a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). By contrast, when considering facial attacks, e.g., attacks which contest the sufficiency of allegations of jurisdiction in the complaint, the court must accept as true the allegations set forth in the complaint. Turicentro, 303 F.3d at 300. On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

B.  **Federal Jurisdiction**

Judge Schireson challenges the Court's exercise of jurisdiction over this case and alternatively argues that the Court should abstain from hearing the case. Judge Schireson argues that the Rooker-Feldman doctrine precludes the Court from hearing this case, and, alternatively, that even if jurisdiction is proper, principles of abstention require the Court to abstain from hearing this case.

1. **The Rooker-Feldman Doctrine**

The federal courts lack subject matter jurisdiction to engage in appellate review of state-court determinations. Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) (explaining that jurisdiction possessed by district courts is strictly original). Federal courts also lack subject matter jurisdiction to evaluate constitutional claims that are "inextricably intertwined with the state court's [decision] in a judicial proceeding." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983) (holding that state court decisions are not subject to challenge in federal trial courts). Hence, the development of the "Rooker-Feldman" doctrine.

Although a federal district court may not possess appellate jurisdiction to review a state court judgment, it may exercise jurisdiction over a general constitutional challenge made in a federal proceeding so long as the constitutional challenge is not "inextricably intertwined" with claims asserted in a state court proceeding. Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990). Under the Rooker-Feldman doctrine, a federal claim and state court judgment are inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. at 296-97.

In this case, Mr. Crawley's Section 1983 suit is neither an appeal of, nor inextricably

intertwined with, Judge Schireson's adjudication.  Mr. Crawley does not challenge the eviction itself, but instead challenges the purported violation by Judge Schireson of his right to due process and other constitutional and federal statutory rights.  See Compl. at ¶¶ 3, 4.  Because the claims raised in Mr. Crawley's Complaint apparently were never brought before the state court, this matter would not require this Court to decide issues that are "inextricably intertwined" with the state court's decision.  See Port Authority Police Benevolent Assoc., Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992) (holding that there is no federal court jurisdiction to review state trial court decision where same claims that were raised in state trial court are raised in federal court).[1]  Further, Mr. Crawley's Section 1983 complaint states claims for relief grounded in federal constitutional rights, claims which were not presented to the state court.  For these reasons, this suit does not constitute an impermissible effort to seek review of a state court judgment in a lower federal court, and the Rooker-Feldman doctrine does not preclude this Court's exercise of jurisdiction.

    2.    **Abstention**

In Younger v. Harris, 401 U.S. 37, 57 (1971), the United States Supreme Court held that federal courts may not enjoin pending state court criminal proceedings absent extraordinary circumstances.  The Supreme Court subsequently expanded the reach of this pronouncement to hold that federal courts should also abstain from enjoining, explicitly or implicitly, state civil proceedings that implicate important state interests.  See, e.g., Pennzoil Co. v. Texas, 481 U.S. 1

---

[1] Although the jurisdictional bar outlined in Feldman applies where a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting his or her lawsuit as a section 1983 action, there is no evidence suggesting that this is Mr. Crawley's intent.  Port Authority, 973 F.2d at 177.

4

(1987) (overturning federal court injunction of state court judgment); Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982) (reversing injunction of bar expulsion and disciplinary rules); Juidice v. Vail, 430 U.S. 327 (1977) (abstaining from civil rights suit challenging constitutionality of state court contempt proceedings). The Supreme Court has also held that abstention should apply where the plaintiff had an opportunity to raise the federal claims in state court proceedings. Juidice, 430 U.S. at 337.

In this case, because there is no pending state proceeding, Mr. Crawley's federal claims "cannot be raised as a defense in the normal course of [a] pending judicial proceeding." Moore v. Sims, 442 U.S. 415, 431 (1979). The United States Supreme Court has long held that relief can be provided by a federal court when there is no ongoing state prosecution, which is the case here. See, e.g., Steffel v. Thompson, 415 U.S. 452, 475 (1974). Furthermore, Mr. Crawley has not had the opportunity to present his federal claims in the state proceedings because it was not until after Judge Schireson's allegedly illegal order, when the case was closed, that these claims allegedly arose.

However, there is an overarching state interest that inhibits this Court from presiding over this dispute. Federal court review of a plaintiff's claims arising from a state court proceeding against a state judge implicates the important state interest of governing its own judiciary processes. See Middlesex County Ethics Committee, 457 U.S. at 432.[2] Where vital state

---

[2] In Middlesex County Ethics Committee, the plaintiff was an attorney who contended that state bar disciplinary rules violated his First Amendment rights. In finding that federal courts were required to abstain from considering the challenge because of the state's substantial interest in the matter, the Supreme Court explained that "[p]roceedings necessary for the vindication of important state policies or for the functioning of the state judicial system . . . evidence the state's substantial interest in the litigation." Middlesex County Ethics Committee, 457 U.S. at 432.

interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims." Id. (citing Moore, 442 U.S. at 426).

A state's interest in ensuring the quality and efficacy of its judiciary is a vital one. See Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 848 (1978) ("[t]here could hardly be a higher governmental interest than a state's interest in the quality of its judiciary"); see also In re Ruffalo, 390 U.S. 544, 551 (1968) (holding that responsibility of state courts for establishing and enforcing standards for licensed attorneys of state bars is entitled to exceptional deference by federal courts). Here, the Commonwealth of Pennsylvania has a valid interest in governing and reviewing through its own appellate processes the members of its judiciary. Moreover, Pennsylvania law certainly does not bar the interposition of constitutional claims.[3] Because there is an important state interest involved and because state proceedings afford an adequate opportunity for Mr. Crawley to raise and pursue his claims, abstention is appropriate here.

C. **Judicial Immunity**

Judge Schireson also argues that the doctrine of judicial immunity warrants dismissal of the claim. The Court agrees. The Supreme Court has stated that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 360 (1978) (holding that judge who issued *ex parte* sterilization order was still immune from suit for damages). Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages."

---

[3] Pennsylvania law provides that "the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . against the Commonwealth government, including an officer thereof, acting in his official capacity. 42 Pa. C.S.A. § 761(a)(1) (2005).

Mireles v. Waco, 502 U.S. 9, 11 (1991) (holding that judge who ordered attorney to be brought before him through use of force had absolute immunity from suit for damages for alleged injuries). This principle is so fundamental that judicial immunity is not overcome by allegations of bad faith or malice. Id.

There are only two sets of circumstances in which judicial immunity can be overcome. First, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Id., citing Forrester v. White, 484 U.S. 219, 227 (1983) (explaining that judge is not immune from suit when sued in his capacity as employer). Second, a judge is not immune for judicial actions taken in the complete absence of all jurisdiction. Id. at 12. The Supreme Court has made it clear that whether an act by a judge is a judicial one "relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." See Stump, 435 U.S. at 360.

Pennsylvania law confers upon magisterial district judges the authority to adjudicate matters arising under the Landlord and Tenant Act. 42 Pa.C.S. § 1515 (Lexis 2005). In exercising this authority, a magisterial district judge may enter judgment against a defendant and direct that real property be delivered to a plaintiff. Pa. R.C.P.D.J. No. 514(A) (Lexis 2006). Thus, in signing the eviction order against Mr. Crawley, Judge Schireson acted in his judicial capacity and with jurisdiction in the underlying case, and, even if this Court were not to elect to abstain from this dispute, Judge Schireson is immune from the allegations set forth in the Complaint.

**CONCLUSION**

For the reasons discussed above, Judge Schireson's Motion to Dismiss the Complaint will be granted. An appropriate Order follows.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

July 14, 2006

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD G. CRAWLEY, <u>PRO</u> <u>SE</u>** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HENRY J. SCHIRESON,** | : | |
| **Defendant** | : | **No. 05-991** |

# <u>O R D E R</u>

**AND NOW**, this 14th day of July, 2006, upon consideration of the Motion to Dismiss Plaintiff's Complaint (Docket No. 1) and the response thereto (Docket No. 10), it is hereby **ORDERED** that the Motion is **GRANTED**. The Clerk of Court is instructed to mark this case as closed.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge